## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## EL DORADO DIVISION

| | |
|---|---|
| CONVOY LOGISTICS, LLC an Arkansas limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:19-cv-01046-SOH |
| CONVOY, INC., a Delaware corporation, | ) ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff, Convoy Logistics, LLC ("Plaintiff" or "Convoy"), for its complaint against Defendant, Convoy, Inc. ("Defendant"), alleges and states as follows:

### Nature of the Case

1. This is an action for claims under the Lanham Act, 15 U.S.C. § 1125(a), as well as for state and common law trademark infringement and unfair competition.

### Parties

2. Convoy is a limited liability company existing under the laws of the State of Arkansas and has its principal place of business in Crossett, Arkansas.

3. Defendant is a corporation existing under the laws of the State of Delaware and has its principal place of business in Seattle, Washington, with additional offices in Atlanta, Georgia, and it can be served with process by serving Dan Lewis, 1700 7th Avenue, Suite 116, Seattle, Washington, 98101-1323, its agent for service of process.

{2002241;}

## Jurisdiction and Venue

4. The claims herein arise under federal law, and Convoy seeks damages and injunctive relief under the Lanham Act, 15 U.S.C. § 1051, *et seq*. Therefore, this Court has subject matter jurisdiction over such claim (Count I herein) pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of punitive damages, interest, costs and attorneys' fees, and there is complete diversity of citizenship between Convoy and Defendant. There is also complete diversity between Defendant and each member/owner of Convoy.

6. The claims for state and common law trademark infringement and unfair competition are so related to the claim asserted in Count I that they form part of the same case or controversy. Therefore, the Court has jurisdiction over Convoy's state law claims under 28 U.S.C. §§ 1338 and 1367, as well as under general principles of supplemental and pendent jurisdiction.

7. Defendant conducts its business which is the subject of this action in the State of Arkansas and throughout the United States and, upon information and belief, in this District.

8. A substantial part of the injuries which give rise to the claims in this action occurred in this District.

9. Defendant is subject to personal jurisdiction in this District and is deemed to reside in this District.

10. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b).

## Allegations Common to All Claims for Relief

11. Convoy has utilized the mark Convoy (the "Convoy Mark") since the founding of Convoy in 2002 in connection with its services.

12. Convoy has for many years utilized the domain name www.convoylogistics.com in connection with its services.

13. Convoy operates as a third-party logistics provider and offers full service transportation and brokerage services, including truckload (FTL), less than truckload (LTL), drayage and intermodal shipments.

14. Convoy has earned a reputation for trust, integrity and reliability in the transportation and logistics industry.

15. Convoy operates throughout the contiguous 48 states, Canada and Mexico. Convoy also offers a variety of warehouse and cross dock services throughout the United States.

16. Defendant is in the business providing freight logistics-related services and offers services which compete with Convoy's services.

17. Defendant has adopted, used, and is continuing to use the mark CONVOY (the "Subject Mark") in connection with its business operations.

18. Convoy has experienced an extraordinary amount of actual confusion as a result of Defendant's use of the Subject Mark. To date, Convoy has documented more than 1,100 specific instances of actual confusion.

19. Such instances of actual confusion have been in the form of emails and other correspondence, telephone calls, freight and shipping documentation, improper credit holds, short paying of Plaintiff's invoices based on Defendant's rates and other confusion.

20. Customers, shippers, carriers and others have been confused as a result of Defendant's use of the Subject Mark.

21. As a result of the trademark confusion, Convoy has also received improper reviews and reports, including Dun & Bradstreet reports and DAT freight marketplace reviews, which negatively impact upon Convoy's reputation within the industry.

22. The president of Defendant acknowledged the confusion in a LinkedIn conversation with one of the principals of Convoy, and expressed his hope Defendant was not causing Convoy trouble or words to that effect.

23. According to published reports, Defendant has achieved a market valuation in excess of $1 billion. Defendant has utilized its resources to extensively and pervasively market its services via the Internet and otherwise.

24. Despite the fact that Convoy is the senior trademark user, Defendant, as the junior user, with its vast capitalization and resources, has saturated the market and overwhelmed Convoy, the senior user, resulting in not only traditional/forward trademark confusion, but also extensive reverse confusion.

### First Claim for Relief
### (Violation of Lanham Act § 43(a))

25. Convoy adopts and incorporates each and every preceding paragraph as if set forth fully herein at this point.

26. Convoy has promoted its transportation and freight logistic-related services in interstate commerce under its Convoy Mark.

27. Defendant's use of the Subject Mark has caused, is causing and is likely to continue to cause confusion, or to cause mistake as to the affiliation, connection, or association of Convoy with Defendant and/or as to the origin, sponsorship, or approval of such services by Convoy.

28. Defendant's use of the Subject Mark has caused, is causing and is also likely to continue to cause reverse confusion.

29. Defendant's actions and use of the Subject Mark as set forth herein constitute unfair competition, and Convoy has been injured thereby.

30. These acts are likely to cause damage to Convoy and are in violation of §43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

31. Convoy has provided Defendant with actual notice of its rights contemporaneous with this Complaint and requested that Plaintiff cease and desist from its acts of infringement.

**Second Claim for Relief**
**(Trademark Infringement)**
**Common Law**

32. Convoy adopts and incorporates each and every preceding paragraph as if set forth fully herein at this point.

33. Defendant has, without permission or authority from Convoy, used and is continuing to use, the Subject Mark in interstate commerce to promote its services.

34. Convoy and Defendant's services are marketed and provided to the same prospective customers in the same channels of trade and in the same geographic areas.

35. Defendant's actions and unauthorized use of the Subject Mark are likely to cause confusion or to cause mistake as to the source or origin of the respective services or as to an affiliation or sponsorship of Defendant by Convoy.

36. Extensive and pervasive actual confusion, including both forward and reverse confusion, regarding the source or origin of the services and/or an affiliation and/or sponsorship between the parties, has already occurred as a result of Defendant's use of the Subject Mark in its commercial activities.

37. Defendant's actions and unauthorized use of the Subject Mark constitute trademark infringement, and Convoy has been damaged thereby.

### Third Claim for Relief
### (Unfair Competition)

38. Convoy adopts and incorporates each and every preceding paragraph as if set forth fully herein at this point.

39. Defendant has placed its services in interstate commerce with the Subject Mark connected therewith.

40. Convoy's and Defendant's services are marketed and sold in the same and/or substantially similar channels of trade to the substantially similar class of customers and in the same geographic areas.

41. Defendant's actions and unauthorized use of the Subject Mark constitute unfair competition, and Convoy has been damaged thereby.

### Combined Prayer for Relief

WHEREFORE, Convoy requests that judgment be entered in its favor and against Defendant as follows:

1. A declaration that Defendant has violated § 43(a) of the Lanham Act and engaged in unfair competition;

2. A declaration that Defendant has infringed the Convoy Mark;

3. An Order preliminary and permanently enjoining Defendant, its parents, subsidiaries, affiliates, predecessors and successors-in-interest and all others acting under its direction or control or in active concert with them, including any agents, officers, directors, employees and representatives from infringing the Convoy Mark and from utilizing the Subject Mark and any other marks confusingly similar thereto;

4.	An Order, pursuant to 15 U.S.C. § 1118, that Defendant be required to deliver up all products, printed materials, signage and other articles in the possession of Defendant bearing the Subject Mark and that the same be destroyed;

5.	An Order, requiring Defendant to account to Convoy for any and all profits derived by Defendant from use of the Subject Mark and for all damages allowed by law;

6.	A determination that this is an exceptional case and that Convoy is therefore to be awarded its reasonable attorney's fees; and

7.	An Order awarding Convoy the costs of this action and such other and further relief as may be just and proper.

Date: October 16, 2019

Respectfully submitted,
/s/Robert B. Gibson, III
Robert B. Gibson, III (2008-162)
STREETMAN & GIBSON, PLLC
302 Main Street
P.O. Drawer A
Crossett, AR 71635
Telephone: 870-364-2213
Facsimile: 870-364-6500
E-Mail: robert.gibson@smmattorneys.com

*Pro Hac Vice applications to be submitted:*
Todd A. Nelson, OBA #15317
Scott R. Zingerman, OBA #14342
David G. Woodral, OBA #21561
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103
Telephone:	(918) 595-4800
Facsimile:	(918) 595-4990
E-mail: tnelson@gablelaw.com
szingerman@gablelaw.com
dwoodral@gablelaw.com

**JURY TRIAL DEMANDED**	Attorneys for Plaintiffs