**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

CONVOY LOGISTICS, LLC an Arkansas limited )
liability company,                                    )
                                                      )
                                Plaintiff,            )
v.                                                    )    Case No. <u>19-CV-1046-SOH</u>
                                                      )
CONVOY, INC., a Delaware corporation,                 )
                                                      )
                                Defendant.            )


## JOINT RULE 26 REPORT

Pursuant to Fed. R. Civ. P. 26(f) and the Initial Scheduling Order (Dkt. No. 15), Convoy Logistics, LLC ("Plaintiff") and Convoy, Inc. ("Defendant") (collectively, the "Parties"), submit the following Joint Rule 26(f) Report.

### Plaintiff's Brief Preliminary Statement

This is an action for claims under the Lanham Act, 15 U.S.C. § 1125(a), as well as for state and common law trademark infringement and unfair competition. Plaintiff seeks damages/profits, an injunction and other relief as specified in the complaint.

Plaintiff is a longstanding provider of third-party logistics in the freight and transportation industry. Plaintiff has utilized the mark CONVOY in connection with its services since at least 2002 throughout the contiguous 48 states and beyond. Plaintiff has expended a substantial amount of time and expense through the past many years advertising and marketing its services in connection with its mark CONVOY and has considerable goodwill vested in its mark.

Defendant is offering logistics services which compete with Plaintiff's services. As a result of Defendant adopting and using the same CONVOY mark in connection with the same services, Plaintiff has experienced and is continuing to experience an extraordinary amount of actual confusion and corresponding harm which has affected every aspect of its business.

### Defendant's Brief Preliminary Statement

Defendant is a digital freight network that provides an industry-leading technology platform using machine learning and automation to connect shippers and carriers. Since 2015, Defendant has used the trademark CONVOY in connection with its goods and services and currently offers such goods and services nationwide.

As Defendant focuses on building technology to find smarter ways to connect shippers with carriers, Defendant does not provide the traditional freight and transportation services that Plaintiff does.  As such, Defendant denies that it is infringing on Plaintiff's trademark rights and further denies that it has engaged in unfair competition with respect to Plaintiff. Defendant further denies that Plaintiff is entitled to relief, including any monetary damages or injunctive relief.

**(1)      Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26 (a).**

The Parties have been engaging in preliminary settlement discussions and desire to continue such discussions prior to initiating discovery.  The Parties request that the deadline to exchange mandatory disclosures under Rule 26(a) be extended as set forth in (2) below.  The Parties do not request any changes in the form or requirements of the mandatory disclosures.

**(2)      Date when mandatory disclosures were or will be made.**

The Parties will make their respective mandatory disclosures on or before March 23, 2020.

**(3)      Subjects on which discovery may be needed.**

This is an action for alleged trademark infringement and related claims.  The Parties anticipate conducting discovery on issues relating to Plaintiff's claims asserted in the Complaint and Defendant's defenses, affirmative defenses, and counterclaims, if any, asserted in the Answer and any amendments thereto.  It is anticipated that discovery will be needed on, among others, the following subjects:

- Selection, clearance, adoption and use of the subject mark;

- Priority of use;

- Scope and extent of the Parties' use of the subject marks, including industry, trade areas, target markets, channels of trade, consumers and intended/planned consumers, and types of services;

- Business plans, marketing and promotional activities;

- Damages-related discovery, including sales, revenues, profits, and other relevant financial information;

- Instances of actual confusion and likelihood of confusion;

- Similarity of the Parties' marks;

- Adoption and use of the same or similar marks by third parties; and

- Knowledge of mark and willfulness of infringement

Notwithstanding the provisions of this paragraph, neither Party waives any right to object to discovery sought on any subject set out herein, or otherwise, as permitted by law, and any such objections are specifically reserved by the respective Parties.

**(4)     Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:**

**(a)     whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

Both Parties are expected to be requested to disclose or produce information from electronic computer-based media.  The disclosure is anticipated to be limited to data reasonable available in the ordinary course of business, except as noted below.

**(b)     the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

The Parties are unable to determine at this time whether production beyond the ordinary course may be necessary, but if such production becomes necessary, the Parties will confer to attempt to limit the amount of data sought that is not reasonably available to that Party in the ordinary course of business, as well as the cost of obtaining such data.

**(c)     the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

The Parties agree that issues concerning ESI will be addressed in relation to the Parties' respective discovery requests and responses thereto, and the Parties will work in good faith to produce ESI in a form compatible with the other Party's document review system.  The parties are further discussing ESI matters and, if determined to be necessary, they anticipate submitting a stipulated ESI order for the Court's consideration.

**(d)     whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

Yes.

**(e)     other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

The Parties are unaware of other problems at this time.

**(5)     Date by which discovery should be completed.**

January 11, 2021 - as addressed in No. 11 below.

**(6)      Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

None identified at this time.

**(7)      Any orders, e.g. protective orders, which should be entered**.

The Parties anticipate filing a joint motion for protective order to protect their respective confidential and proprietary information.

**(8)      Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

No objections to initial disclosures have been identified at this time.

**(9)      Any objections to the proposed trial date**.

The Court's Initial Scheduling Order (Dkt. No. 15) sets the trial for February 8, 2021.  Due to counsel's prior scheduled trial conflict, the Parties request that the trial be set for May, 2021 (such as May 10, 2021 or as soon thereafter).

**(10)      Proposed deadline for joining other parties and amending the pleadings.**

The Parties propose May 15, 2020 as the deadline to join parties or amend, except as addressed in No. 14 below.

**(11)      Proposed deadline for completing discovery. (Note: In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)**

Based upon the Parties' present discussions, anticipated scope of discovery, the proposed trial date of May 10, 2021 and the Court's direction that discovery is to be completed 120 days prior to the scheduled trial date, the Parties propose January 11, 2021 as the discovery deadline.

**(12)      Proposed deadline for filing motions other than motions for class certification. (Note: In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)**

Based on the proposed trial date, the proposed discovery deadline, and the Court's direction that summary judgment motions be filed 30 days following the close of discovery deadline, the Parties request that summary judgment motions be due February 10, 2021.  All other motions should be filed no later than March 11, 2021.

**(13)      Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification. (Note: In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed.R.Civ.P.26(f) conference.)**

Not applicable.

**(14)  Other Matters.**

Defendant has indicated it anticipates seeking leave to amend its answer to assert additional defenses, affirmative defenses, and/or counterclaims.  Although the Parties expect to discuss specific potential amendments in more detail, Plaintiff is reserving all of its objections at this time.

Date: January 17, 2020

s/ Todd A. Nelson
Robert B. Gibson, III
STREETMAN & GIBSON, PLLC
302 Main Street
P.O. Drawer A
Crossett, AR 71635
Telephone: 870-364-2213
Facsimile: 870-364-6500
E-Mail: robert.gibson@smmattorneys.com

*Admitted Pro Hac Vice*
Todd A. Nelson, OBA #15317
Scott R. Zingerman, OBA #14342
David G. Woodral, OBA #21561
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103
Telephone:    (918) 595-4800
Facsimile:    (918) 595-4990
E-mail: tnelson@gablelaw.com
szingerman@gablelaw.com
dwoodral@gablelaw.com

*Attorneys for Plaintiff*

s/ J. Randy Roeser
*(Signed with permission)*
Jennifer H. Doan
J. Randy Roeser
HALTOM & DOAN
6500 Summerhill Rd., Suite 100
Texarkana, Texas 75503
Telephone: 903.255.1000
Facsimile: 903-255-0800
E-Mail: jdoan@haltomdoan.com
rroeser@haltomdoan.com

*Admitted Pro Hac Vice*
William Cheever Rava
Kirstin E. Larson
PERKINS COIE, LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206-359-8000
Facsimile: 206-359-9000
Email: wrava@perkinscoie.com
klarson@perkinscoie.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

  This is to certify that on the 17th day of January, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following, who is a registered participant of the ECF system:

Jennifer H. Doan
J. Randy Roeser
HALTOM & DOAN
6500 Summerhill Rd., Suite 100
Texarkana, Texas 75503
jdoan@haltomdoan.com
rroeser@haltomdoan.com

William Cheever Rava
Kirstin E. Larson
PERKINS COIE, LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Email: wrava@perkinscoie.com
klarson@perkinscoie.com

*Attorneys for Defendant*

s/ Todd A. Nelson
Todd A. Nelson