# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**CONVOY LOGISTICS, LLC**                                                                      **PLAINTIFF**

**V.**                                         **CASE NO. 1:19-CV-1046**

**CONVOY, INC.**                                                                                      **DEFENDANT**

### DEFENDANT CONVOY, INC.'S FIRST AMENDED
### ANSWER TO COMPLAINT AND DEFENSES

Defendant Convoy, Inc. ("Convoy, Inc." or "Defendant") answers the Complaint filed by Plaintiff Convoy Logistics, LLC ("Convoy Logistics" or "Plaintiff") [Dkt. No. 2] and sets forth its defenses known to date as set forth below.

### I.     ANSWER

Convey Inc. answers each paragraph of the Complaint as follows:

1.     Convoy, Inc. states that the allegations in Paragraph 1 contain legal conclusions that require   no answer.  To the extent an answer is required, Convoy, Inc. admits that the Complaint purports to allege causes of action under the Lanham Act, 15 U.S.C. § 1125(a), as well as for state and common law trademark infringement and unfair competition.  Convoy, Inc. denies that it is liable to Plaintiff for any of its asserted allegations.

2.     Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and thus denies those allegations.

3.     Convoy, Inc. admits it is a corporation organized and existing under the laws of Delaware.  Convoy, Inc. further admits it is headquartered in Seattle, Washington and that its agent of process in Washington is Dan Lewis, 1700 7th Avenue, Suite 116, #287, Seattle, Washington

98101. Convoy, Inc. admits it has an office in Atlanta, Georgia. Convoy, Inc. denies the remaining allegations in Paragraph 3.

4. Convoy, Inc. states that the allegations in Paragraph 4 contain legal conclusions that require no answer. To the extent an answer is required, Convoy, Inc. admits that the Complaint purports to allege an action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*. Convoy, Inc. does not contest that this Court has subject matter jurisdiction over Plaintiff's claims. Convoy, Inc. denies that it has committed any acts of trademark infringement.

5. Convoy, Inc. states that the allegations in Paragraph 5 contain legal conclusions that require no answer. To the extent an answer is required, Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and thus denies those allegations.

6. Convoy, Inc. states that the allegations in Paragraph 6 contain legal conclusions that require no answer. To the extent an answer is required, Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and thus denies those allegations.

7. Convoy, Inc. admits for the purposes of this action that it conducts business throughout the United States, including in the State of Arkansas. Convoy, Inc. denies that it has committed any acts of trademark infringement or unfair competition in the State of Arkansas or otherwise. Convoy, Inc. denies any and all remaining allegations in Paragraph 7.

8. Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and thus denies those allegations. Convoy, Inc. denies that it has committed any acts of trademark infringement or unfair competition in this District or otherwise. Convoy, Inc. denies any and all remaining allegations in Paragraph 8.

9. Convoy, Inc. states that the allegations in Paragraph 9 contain legal conclusions that require no answer. To the extent an answer is required, Convoy, Inc. does not contest, for purposes of this action only, that the Court has personal jurisdiction over it. Convoy, Inc. denies that it has committed any acts of trademark infringement or unfair competition in this District or otherwise. Convoy, Inc. denies any and all remaining allegations in Paragraph 9.

10. Convoy, Inc. states that the allegations in Paragraph 10 contain legal conclusions that require no answer. To the extent an answer is required, Convoy, Inc. does not contest, for purposes of this action only, that the Court has personal jurisdiction over it, but avers that this District is not the most convenient or most appropriate forum for this action. Convoy, Inc. denies any and all remaining allegations in Paragraph 10.

11. Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and thus denies those allegations.

12. Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and thus denies those allegations.

13. Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and thus denies those allegations.

14. Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and thus denies those allegations.

15. Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and thus denies those allegations.

16. Convoy, Inc. admits it is a digital freight network that provides an industry-leading technology platform using machine learning and automation to connect shippers and carriers.

Convoy, Inc. denies its services directly compete with Plaintiff's services. Convoy, Inc. denies any and all remaining allegations in Paragraph 16.

17. Convoy, Inc. admits that since 2015, it has used a trademark of CONVOY, of which there are many, in connection with its goods and services and currently offers such goods and services nationwide. Importantly, these goods and services differ from Plaintiff's goods and services. Convoy, Inc. denies that it has committed any acts of trademark infringement or unfair competition in this District or otherwise. Convoy, Inc. denies any and all remaining allegations in Paragraph 17.

18. Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and thus denies those allegations.

19. Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and thus denies those allegations.

20. Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and thus denies those allegations.

21. Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and thus denies those allegations.

22. Convoy, Inc. admits that there was a LinkedIn conversation between the President of Convoy, Inc. and Plaintiff, but denies that the characterization of the conversation contained in Paragraph 22 is accurate, in part because in the conversation Plaintiff stated "It is not causing us any trouble..." Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and thus denies those allegations.

23. Convoy, Inc. admits that it markets its services, both on the internet and otherwise. Convoy, Inc. admits that its economic value (not cash on hand) has been determined to be in excess

of $1 billion. Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and thus denies those allegations.

24. Convoy, Inc. states that the allegations in Paragraph 24 contain legal conclusions that require no answer. To the extent an answer is required, Convoy, Inc. denies the allegations in Paragraph 24.

25. Convoy, Inc. adopts and incorporates all preceding paragraphs as if set forth fully herein.

26. Convoy, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and thus denies those allegations.

27. Convoy, Inc. denies the allegations in Paragraph 27.

28. Convoy, Inc. denies the allegations in Paragraph 28.

29. Convoy, Inc. denies the allegations in Paragraph 29.

30. Convoy, Inc. denies the allegations in Paragraph 30.

31. Convoy, Inc. states that the allegations in Paragraph 31 contain legal conclusions that require no answer. To the extent an answer is required, Convoy, Inc. does not contest that only after filing with suit, Plaintiff requested that Defendant cease and desist from its alleged acts of infringement, but denies that it has committed any acts of trademark infringement in this District or otherwise. Convoy, Inc. denies any and all remaining allegations in Paragraph 31.

32. Convoy, Inc. adopts and incorporates all preceding paragraphs as if set forth fully herein.

33. Convoy, Inc. admits that since 2015, it has used a trademark of "CONVOY" in connection with its goods and services and currently offers such goods and services nationwide.

Convoy, Inc. denies that it has committed any acts of trademark infringement or unfair competition in this District or otherwise. Convoy, Inc. denies any and all remaining allegations in Paragraph

34. Convoy, Inc. denies the allegations in Paragraph 34.

35. Convoy, Inc. denies the allegations in Paragraph 35.

36. Convoy, Inc. denies the allegations in Paragraph 36.

37. Convoy, Inc. denies the allegations in Paragraph 37.

38. Convoy, Inc. adopts and incorporates all preceding paragraphs as if set forth fully herein.

39. Convoy, Inc. admits that it has placed its services in interstate commerce. Convoy, Inc. denies any and all remaining allegations of Paragraph 39.

40. Convoy, Inc. denies the allegations in Paragraph 40.

41. Convoy, Inc. denies the allegations in Paragraph 41.

42. No response to the prayer for relief is necessary. To the extent a response is required, Convoy, Inc. denies any allegations contained in the prayer for relief, and denies that Plaintiff is entitled to any of the requested relief.

43. Convoy denies all allegations not specifically admitted in this Answer.

## II. DEFENSES

Without assuming any burden Convoy, Inc. would otherwise not have, Convoy, Inc. asserts the following defenses. By raising the following affirmative defenses, Convoy, Inc. does not admit any allegation of the Complaint not otherwise admitted and expressly incorporates the admissions and denials in all preceding paragraphs as if set forth fully herein. Convoy, Inc. reserves the right to amend or add to these defenses based on further investigation and discovery.

## FIRST DEFENSE
### (Failure to State a Claim)[1]

Plaintiff's Complaint, and each cause of action in it, fails to state facts sufficient to constitute a cause of action against Convoy, Inc.

## SECOND DEFENSE
### (No Damage)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Convoy, Inc. in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## THIRD DEFENSE
### (Non-Infringement)

Convoy, Inc. has not infringed any applicable trademarks under federal or state law.

## FOURTH DEFENSE
### (Proximate Cause)

No act or omission of Convoy, Inc. contributed in any way or caused the damages, if any, alleged in Plaintiff's Complaint.

## FIFTH DEFENSE
### (Equitable Doctrines)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, laches, and/or unclean hands.

## SIXTH DEFENSE
### (Failure to Mitigate)

Plaintiff, its officers, its agents, and others were negligent in failing to mitigate, minimize or avoid the damages, if any, allegedly sustained. Convoy, Inc. is therefore entitled to have any

---

[1] Originally asserted in Convoy's Answer. *See* Dkt. No. 14 at ¶ 45 (*citing* Ark. R. Civ. P. 12(h)(2)).

damages to which Plaintiff is entitled reduced by such sums that could have been mitigated, minimized or avoided.

## SEVENTH DEFENSE
### (No Basis for Injunctive Relief)

Plaintiff cannot show that it is entitled to injunctive relief because there exists an adequate remedy at law and Plaintiff's claims otherwise fail to meet the requirements of such relief.

## EIGHTH DEFENSE
### (No Attorneys' Fees)

Plaintiff cannot show that it is entitled to attorneys' fees.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Convoy, Inc. has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action. Convoy, Inc. expressly reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action. Convoy, Inc. reserves the right to amend, or seek to amend, its answer, including its affirmative and other defenses.

### III.   REQUEST FOR RELIEF

Convoy, Inc. respectfully requests judgment and relief as follows:

1. That the Complaint be dismissed with prejudice, and that judgment be rendered in favor of Convoy, Inc. and against Plaintiff;
2. That Convoy, Inc. be awarded its costs and expenses incurred in this action;
3. That Convoy, Inc. be awarded its attorneys' fees in this action;
4. That all relief requested by Plaintiff be denied; and
5. For all other and further relief as the Court deems proper.

Respectfully submitted,

/s/ *Jennifer H. Doan*
Jennifer H. Doan
AR Bar No. 96063
J. Randy Roeser
AR Bar No. 2016084
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: 903.255.1000
Facsimile: 903.255.0800
Email: jdoan@haltomdoan.com
Email: rroeser@haltomdoan.com

William Cheever Rava (admitted pro hac vice)
Washington Bar No. 29948
Kirstin E. Larson (admitted pro hac vice)
Washington Bar No. 31272
Perkins Coie, LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-6338
Facsimile: (206) 359-7338
Email: wrava@perkinscoie.com
Email: klarson@perkinscoie.com

**ATTORNEYS FOR DEFENDANT CONVOY, INC**.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 11th day of September 2020.

/s/ *Jennifer H. Doan*
Jennifer H. Doan