IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CONVOY LOGISTICS, LLC                                                                      PLAINTIFF

v.                                          Case No. 1:19-cv-1046

CONVOY, INC.                                                                               DEFENDANT

**ORDER**

Before the Court is Defendant Convoy, Inc.'s Motion for Leave to File Amended Answer. ECF No. 38. Plaintiff Convoy Logistics, LLC responded. ECF No. 39. Defendant has replied. ECF No. 43. The Court finds this matter ripe for consideration.

**BACKGROUND**

Plaintiff filed its complaint on October 16, 2019, stating claims under the Lantham Act, 15 U.S.C. § 1125(a), and for state and common law trademark infringement and unfair competition. ECF No. 2. Defendant filed its initial answer on November 12, 2019. ECF No. 13.

Defendant filed the instant Motion for Leave to File Amended Answer on September 11, 2020. ECF No. 38. Defendant states that it needs to amend due to a change in counsel and in order to more properly assert its known defenses. Further, Defendant states that doing so would not prejudice Plaintiff. Plaintiff's response in opposition argues that the great extent to which Defendant seeks to amend its initial answer would prejudice Plaintiff due to requiring a significant amount of new discovery at this point of the litigation just to investigate the new defenses. ECF No. 39. Defendant's reply reiterates its change of counsel, highlights the approximately three months remaining to amend pleadings when it filed the instant motion, and argues that Plaintiff failed to show how it would be prejudiced by the Court granting leave. ECF No. 43.

On December 9, 2020, the parties filed a Joint Motion to Amend/Correct Final Scheduling Order which requested to push back all deadlines, including the trial date. ECF No. 45. On December 14, 2020, the Court continued the trial in this matter *sua sponte* (ECF No. 46), lifting all deadlines until a new scheduling order was issued and rendering the parties' joint motion (ECF No. 45) moot.

## DISCUSSION

The Federal Rules of Civil Procedure liberally permit amended pleadings. *See Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). Specifically, the rules state that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A court can deny a party's request for leave to amend its pleading only when it results in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *See Dennis v. Dillard*, 207 F.3d at 525 (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). A party opposing a motion for leave to amend a pleading bears the burden of showing that it will be unfairly prejudiced, and delay alone is an insufficient reason to deny the motion. *See Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (citations omitted).

The Court finds that Plaintiff has failed to demonstrate the prejudice necessary to justify a denial of Defendant's motion. Plaintiff's particular complaint is that Defendant's proposed amended answer, provided as exhibit to its motion, contains a multitude of new defenses. Plaintiff argues that the new discovery requests necessary to properly respond to these added defenses will create a prejudicial burden. The Court is not persuaded. Plaintiff does not state any particularized

harm from the need to conduct additional discovery and seems to imply that simply needing to do so is evidence of prejudice. However, the delay necessary to conduct that discovery is not indicative of prejudice on its own. *See Roberson v. Hayti Police Dept.*, 241 F.3d at 995. The Court recently continued the trial in this matter and lifted all deadlines (ECF No. 45), so there should be less concern regarding the time necessary to carry out prudent discovery. Also, Plaintiff's concerns about Defendant asserting defenses that it believes it already waived through omission in the initial answer are unfounded. A defense is not waived if it is asserted in a properly amended answer, as Defendant is attempting to do with its instant motion. *See Groninger v. Davis*, 364 F.2d 638, 640 (8th Cir. 1966). Accordingly, the Court finds that Plaintiff has not met its burden of showing it would be prejudiced if Defendant is permitted to amend its answer.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Leave to File Amended Answer (ECF No. 38) should be and hereby is **GRANTED**. Pursuant to Local Rule 5.5(e), Defendant must file its proposed amended answer **within seven (7) days of the date of this order**.

**IT IS SO ORDERED**, this 13th day of January, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge